HERBERT E. MILLER,           )
                                        )
           Plaintiff,           )
                                          )
      v.                     )          No. 1:19-cv-00092-CDP
                                          )
JARED W. KUTZ, et al.,       )
                                          )
                                          )
          Defendants.      )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Herbert E. Miller for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $30.09. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, this action will be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a certified copy of his inmate account statement. (Docket No. 3). The certified inmate account statement shows an average monthly deposit of $150.45. The Court will therefore assess an initial partial filing fee of $30.09, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a pro se litigant currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. (Docket No. 1-1 at 1). He names the following individuals as defendants: Jared W. Kutz; Jay P. Wengert; Jim Sutterer; Carl Leuckel, Jr.; and John Doe. (Docket No. 1 at 1). Defendants are sued in both their individual and official capacities. (Docket No. 1-1 at 1).

Plaintiff states that he was appointed by Governor Mel Carnahan as Perry County's head coroner in 1995. Later, he was elected to that position. He served as the head coroner for Perry County from 1995 until 2017.

Plaintiff asserts that defendants Kutz, Wengert, Sutterer, and Leuckel are members of the Perry County Board of Commissioners. Specifically, Kutz is the Clerk; Wengert is the First District Commissioner; Sutterer is the Second District Commissioner; and Leuckel is the Presiding Commissioner. Defendant Doe is purported to be the Director of the First State Community Bank.

Plaintiff accuses defendants of colluding together to commit "the crimes" of illegally taking his "property and money without just cause." He asserts these crimes took place over a ten year period, and amounted to "deliberate indifference" towards his "living needs and subsequent life conditions." Plaintiff also claims that defendants' activities constituted a "scheme of racketeering."

Plaintiff alleges that in 1995, the previous County Clerk of Perry County, Randy Taylor, told him that he was "not entitled to hospitalization or retirement insurance." (Docket No. 1-1 at 2). Defendant Kutz told him the same thing in 2014, 2015, 2016, and 2017. Plaintiff states that he worked as the Perry County Coroner for twenty-two years, and that he worked eight hours a day, seven days a week. He also states that he was on call twenty-four hours a day. Plaintiff claims he did this without reimbursement.

The complaint contains a list of personal tools and property that plaintiff claims he used, but for which he was never reimbursed. Twenty-seven separate items are listed. The list includes items such as accident insurance, for which he claims he spent $16,500 a year, for a total of $363,000; storage of coroner's records at his funeral home, for which he claims $3,600 a year, for a total of $79,200; and a soda machine full of sodas, for which he claims $3,500. Plaintiff also alleges that the First State Community Bank illegally took his baby grand piano and a three-tier chandelier "while acting in collusion" with the Perry County Board of Commissioners defendants. (Docket No. 1-1 at 3). He further accuses the First State Community Bank of "deceitful practice," "deceptive intervention," and "criminal coercion." (Docket No. 1-1 at 4).

Plaintiff requests the return of his property and reimbursement for his expenses. (Docket No. 1-1 at 6). He also seeks $100,000,000 in compensatory damages against each defendant, and $100,000,000 in punitive damages against each defendant.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against defendants Jared W. Kutz; Jay P. Wengert; Jim Sutterer; Carl Leuckel, Jr.; and John Doe. He broadly alleges that defendants are liable to him for violation of his constitutional rights, violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), fraud, and conspiracy. For the reasons discussed below, this action must be dismissed for failure to state a claim.

### A. Claim Against First State Community Bank Director John Doe

Plaintiff's claims against John Doe must be dismissed because there is no indication that defendant Doe was acting under color of state law. In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law"); and *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

Here, defendant Doe is alleged to be the Director of the First State Community Bank. Though plaintiff claims that all defendants acted under color of state law, there are no facts establishing that the First State Community Bank was a governmental institution or that it joined as a willful participant in joint activity with the state or its agents. Because plaintiff has not shown that defendant Doe acted under color of state law, he has not stated a § 1983 claim against him. Therefore, plaintiff's claims against defendant Doe in both his official and individual capacities must be dismissed.

### B. Official Capacity Claims Against Board of Commissioners Defendants

The official capacity claims against defendants Kutz, Wengert, Sutterer, and Leuckel, all of whom are claimed to be members of the Perry County Board of Commissioners, must be dismissed because plaintiff has not stated a claim against Perry County. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, the official capacity claims against the Perry County Board of Commissioners defendants are actually a claim against Perry County itself.

A local governing body such as Perry County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can potentially prove the liability of Perry County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted

and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Plaintiff's Statemen of Claim does not include any mention of a Perry County policy, custom, or failure to train. Moreover, plaintiff has not presented any facts from which an unconstitutional policy or custom could be inferred. Indeed, his Statement of Claim contains few

specific factual allegations whatsoever, relying mainly on unsupported assertions and legal conclusions. As such, plaintiff's official capacity claims against the Perry County Board of Commissioners defendants must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### C. Individual Capacity Claims

Plaintiff's individual capacity claims against all defendants must be dismissed because plaintiff has failed to state a claim. As noted above, stating a § 1983 claim requires a plaintiff to demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). *See also Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (stating that a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). The Court is required to accept factual allegations as true, but "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Here, plaintiff accuses defendants of all manner of wrongdoing, including violating his Fifth, Sixth, and Fourteenth Amendment rights, engaging in deceitful and deceptive business practices, engaging in a conspiracy against him, and of violating RICO. None of these legal conclusions are supported by any factual allegations. Rather, they are presented as facts themselves, though they are entirely without any basis. The Court is not required to accept such

pleadings as true. Furthermore, plaintiff's vague and conclusory Statement of Claim does not demonstrate a plausible claim for relief. At best, he has shown the mere possibility of misconduct.

Moreover, plaintiff's complaint fails to provide proper notice to each of the individual defendants. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). The reviewing court looks at the well-pleaded facts in the complaint to determine whether the pleading party has provided the necessary notice, thus stating a claim in the manner contemplated by the Federal Rules. *Parkhill v. Minnesota Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002). Here, plaintiff treats all five individual defendants as an undifferentiated group. This is not adequate to provide each defendant with fair notice of the nature and basis or grounds for a claim.

Similarly, plaintiff has failed to show how each individual defendant violated his rights. Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has not alleged facts connecting each defendant to the challenged action. Instead, he names all the defendants at the beginning of his Statement of Claim, and then refers to them collectively throughout the rest of the pleading. At no point does he present facts establishing what each individual defendant did to him that makes that defendant liable for wrongdoing.

For these reasons, plaintiff has failed to state a claim, and the individual capacity claims against defendants must be dismissed.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). The motion will be denied as moot as this action is being dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $30.09 within twenty-one days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of October, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE